TYMKOVICH, J.,
concurring.
I agree with the result reached by the court, but write separately for two related reasons. First, I want to emphasize that, while it is true we have consistently held that passengers in a vehicle whose driver is being detained should be considered similarly detained, passengers without possessory interests in the vehicle or items seized do not have the same Fourth Amendment interests as drivers. See United States v. Eylicio-Montoya, 18 F.3d 845 (10th Cir.1994). Such passengers may only challenge the legality of their detention, not the legality of a police search of the vehicle. Id.
The majority reaches the undoubtedly correct conclusion here that the police had reasonable suspicion to search the bucket, and therefore much of the discussion of *648 Wilson’s consent is unnecessary. See United States v. Doyle, 129 F.3d 1372, 1377 n. 1 (10th Cir.1997). The majority, however, goes on to state that “Deputy Eichinger’s request to see beneath the vest exceeded the permissible scope of detention for a routine traffic stop based on an equipment violation.” Opinion, at 644-645.
This leads to the second reason for this concurrence. I recognize the majority’s analysis has support from this court’s holdings in United States v. Holt, 264 F.3d 1215 (10th Cir.2001) (en banc), and United States v. Caro, 248 F.3d 1240 (10th Cir. 2001). The holding of Holt has come under recent scrutiny in other circuits, which have declined to go as far as it suggests. See United States v. Childs, 277 F.3d 947, 949 (7th Cir.2002) (en banc) (“questions that do not increase the length of detention (or that extend it by only a brief time) do not make the custody itself unreasonable”); United States v. Purcell, 236 F.3d 1274 (11th Cir.2001). See also United States v. Shabazz, 993 F.2d 431 (5th Cir. 1993).
Under the logic of Holt, requests for consent somehow turn legal detentions into constitutional violations. Yet the principal holding of Holt, that even “in the absence of any particularized suspicion” the police may order passengers out of the vehicle and ask questions relating to travel plans or officer safety, 264 F.3d at 1222, belies this categorical conclusion. It is hard to see how a request for consent is necessarily more intrusive to passengers’ Fourth Amendment privacy interests than these inquiries.
The fly in the ointment under our cases is this: Imagine by way of example that the facts were the same except Deputy Eichinger did not ask for consent, but simply reached into the cab of the truck and removed the vest. In that case, no “unreasonable” question had been asked, and thus the majority’s detention analysis would not apply. Because it is conceded that Wilson did not assert any privacy interest in the bucket and was being legally detained, his only complaint would be that in reaching into the truck the officer conducted an illegal search. This, as we and the majority have emphasized, is not a complaint mere passengers are entitled to make, and the items in the bucket on the seat would undoubtedly be admissible against Wilson.[1]
On the other hand, as the majority says, our cases seem to imply that because the request for consent was outside the “scope” of the reason for the stop, the simple act of asking for permission should give Wilson the ability to suppress the very same evidence. Thus, if law enforcement were to follow our reasoning in these cases, officers who asked for and received consent from a passenger to conduct a search would be put in a worse position than those who simply conducted the search without requesting consent.
I do not think such a strange result is mandated by the Supreme Court’s precedent. I point this out to note what I think is a flaw in the analysis of Holt, namely *649 that questions both driver and passengers consent to answer do not necessarily raise Fourth Amendment concerns. We should revisit this issue in an appropriate case.

. Wilson might in this scenario nevertheless argue that, even if he did not have standing to challenge the illegal search, his fourth amendment rights were still violated in that the search was outside the scope of the detention. This argument, however, would violate the well-established rule that passengers without possessory interests in the evidence seized do not have standing to challenge directly an illegal search, for any defendant could get around the rule simply by asserting that an illegal search, ipso facto, made his detention illegal. In cases such as this one where it is uncontested that the detention was neither itself illegal nor unreasonably long, a passenger without possessory interests in the evidence seized in an illegal search lacks standing to exclude it under the 4th amendment.